IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 09-72912** |
| **HEIDTMAN MINING, LLC,** | ) | |
| | ) | **Chapter 11** |
| Debtor. | ) | |
| | ) | |

**MOTION TO APPROVE THE SALE OF ASSETS FREE
AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

     Heidtman Mining, LLC, debtor and debtor in possession in the above-captioned case (the "Debtor"), hereby files this *Motion to Approve the Sale of Assets Free and Clear of All Liens, Claims and Encumbrances* (the "Motion").  In support of this Motion, the Debtor respectfully represents the following.

**I.
JURISDICTION AND VENUE**

    1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).  Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 363(b), (f), and (m), which may be implemented pursuant to Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**II.
RELIEF REQUESTED**

    2.    The Debtor has received from Coal America Corporation, a Nevada corporation, ("Coal America") an offer to purchase substantially all of the Debtor's mining assets (the "Assets") at a court approved sale.  The Debtor believes that the sale of its Assets to Coal

America (the "Sale") proposed herein is in the best interests of the estate, creditors, and other parties-in-interest and seeks an order approving the Sale pursuant to 11 U.S.C. §§ 105(a) and 363(b), (f), and (m).

## III.
## BACKGROUND

### A.   General Background

3.      On June 12, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

4.      The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this chapter 11 case pursuant to section 1104 of the Bankruptcy Code.  On July 27, 2009, the Official Committee of Unsecured Creditors was appointed by the US Trustee.

### B.   Marketing and Sale Process

5.      On August 10, 2009, the Court authorized the employment of Resultant Management Group, L.L.C. and its affiliate, the John T. Boyd Company (collectively, "Boyd") as marketing consultants to assess, market, and position the Assets for sale.  Boyd thereafter completed its assessment of the Debtor's coal deposits, mining assets, mineral leases, and related liabilities and began marketing the Assets to 53 prospective purchasers.

6.      These prospective purchasers were known consumers of coal and coal producers located in Arkansas and Oklahoma, domestic steel companies, international companies seeking US metallurgical coal reserves, and selected US coal producers possibly seeking expansion opportunities.   Boyd mailed letters and confidentiality agreements to these prospective

purchasers to gauge their level of interest in the Assets.  Approximately 12 parties signed confidentiality agreements and received CDs containing a comprehensive database describing the Assets.  The marketing efforts were extensive.  The Debtor believes the Assets have been more than adequately marketed such that the current offer reflects the highest and best price currently available to the Debtor and its creditors.

      C.      **The Coal America Bid and Proposed Asset Sale**

      7.      The Coal America bid has the following key economic terms:

--       At closing, Coal America will pay to the estate the following:

      a.      $15,000,000; and

      b.      Certain costs and expenses incurred by the Debtor prior to closing.

--       In addition, at closing Coal America will issue to the Debtor's estate five million shares of preferred stock at $5 par value per share (face value $25,000,000). These shares will pay a 6% annual dividend to the Debtor's estate ($1,500,000 annually).

--       Coal America will purchase all of the Debtor's Assets and will lease on a 50 year term (subject to another 50 year extension) the Debtor's coal interests.  It will pay certain royalties to be defined in the asset purchase agreement.

--       Coal America will assume the Debtor's executory contracts and leases, and will pay on a going forward basis the royalties and other contract obligations to, for example, Wilkem and Asarco.

      8.      Coal America is scheduling a final site inspection of the mine in the next few weeks, but has advised the Debtor that it has completed its due diligence.  Upon completion of the site inspection, it will make a $1 million deposit to secure its performance of the Sale.

9.      Coal America and the Debtor are finalizing the definitive asset purchase agreement ("APA"), and it will be filed with the Court when signed.  The Coal America proposal is subject to a satisfactory inspection of the mine site, the execution of the asset purchase agreement, and Bankruptcy Court approval.

10.     The Sale is expected to close at the end of March 2010.

11.     Once the Sale is closed and funded, the Debtor will propose a plan to distribute the Sale proceeds per the priorities in the Bankruptcy Code, and will begin the process of reviewing and resolving claims against the estate.

12.     Attached as Exhibit "A" is a list of leases, contracts and other obligations to be assumed and assigned to Coal America at closing.  Also contained in Exhibit "A" is the amount of any cure amounts to be paid at closing to the counter-party.  The cure amounts are as of the date of this Motion (January 26, 2010).  Any post-petition payments for such obligations that accrue but remain unpaid between January 26, 2010 and closing will be paid as additional cure amounts at closing.

13.     Exhibit "B" is the personal property to be sold.

14.     Exhibit "C" is the physical Assets to be retained by the Debtor.  In addition, the Debtor shall retain its claims and causes of action.

15.     The Debtor, in its reasonable business judgment, believes that the Sale is in the best interests of its estate, creditors and parties-in-interest.  Coal America has a thorough understanding of the Assets and is motivated to consummate the Sale.  Although Coal America has proposed the highest and best bid to date, the Debtor may receive additional bids for the Assets.  Accordingly, the Coal America bid is subject to overbid or higher bids received by the Debtor prior to the Sale hearing.

# IV.
## BASIS FOR RELIEF REQUESTED

**A.      The Sale is an Appropriate Exercise of the Debtor's Reasonable Business Judgment.**

16.      Section 363(b)(1) provides, in relevant part, that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate…" 11 U.S.C. § 363(b)(1) (2010).

17.      Courts may approve sales of property outside the ordinary course of business if the transaction reflects the reasonable business judgment of the debtor.  *See In re Lionel Corp.,* 722 F.2d 1063, 1070 (2nd Cir. 1983).  However, a sale of substantially all of a debtor's Assets without a disclosure statement and plan requires courts to also consider the following factors:

   a.      Whether accurate and reasonable notice has been given to all creditors and parties-in-interest;

   b.      Whether there is a sound business reason for the sale without a disclosure statement and plan;

   c.      Whether the purchase price is fair and reasonable; and

   d.      Whether the proposed sale does not unfairly benefit insiders or proprietary purchasers, or unfairly favor a creditor or class of creditors.

*In re Channel One Commc'ns, Inc.*, 117 B.R. 493, 496 (Bankr. E.D. Mo. 1990); *see also In re Equity Truck Leasing, Inc*, 149 B.R. 120, 124-125 (Bankr. S.D. Iowa 1993)(the court approved an asset sale where the sale was in the best interests of the estate, prompt action was required to consummate the sale, and a reorganization plan would be proposed in the near future).

18.      After considering other alternatives, and in consultation with the creditors' committee, the Debtor has determined that the Sale is in the best interest of its estate, creditors,

and parties-in-interest.  The maximization of asset value for the benefit of creditors is a sound business purpose, which justifies Court approval of the Sale of the Assets to Coal America.

19.     This Motion will be served on the parties requesting notice and those parties on the court approved service list.  In addition, a notice of sale will be served on all creditors in the case, in substantially the form of Exhibit "D" hereto.  The Debtor believes such notice constitutes adequate and reasonable notice.

20.     The Debtor has diligently marketed and solicited potential buyers for the Assets for several months.  The Debtor believes that the Sale will generate proceeds sufficient to pay all administrative, secured creditors and priority claims in full.  The Sale proceeds also will result in a substantial dividend to unsecured creditors.  Consequently, the Debtor believes that the Sale represents a fair and reasonable market value for the Assets.  The Debtor will present evidence at the Sale hearing that: (a) the purchase price for the Assets was adequate and fair under the circumstances; and (b) the Sale and APA were negotiated in good faith and at arm's length.

**B.      The Sale was Negotiated at Arm's Length and in Good Faith.**

21.     Section 363(m) provides that "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith…" 11 U.S.C. § 363(m) (2010).  *See Rodriquez v. Sevcik (In re Rodriquez)*, 258 F.3d 757, 759 (8th Cir. 2001); *see also In re Trism*, 328 F.3d 1003 (8th Cir. 2003)(there are no exceptions or qualifications necessary to receive the protection of section 363(m) beyond the good faith purchaser requirement).  "A good faith purchaser is one who buys in good faith and for value." *Badami v. Burgess (In re Burgess)*, 246 B.R. 352, 356 (B.A.P. 8th Cir. 2000)(citations omitted); *see also In re Gucci*, 126 F.3d 380, 394 (2nd Cir. 1997).

22.     As discussed above, the Debtor will produce evidence at the sale hearing that the

Sale was negotiated in good faith and at arms' length.  Thus, the order approving the Sale should contain a finding that Coal America acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code.  Furthermore, the Sale provides substantial value to the bankruptcy estate and efficiently disposes of the Assets for fair and reasonable consideration.  The Debtor therefore believes that the Sale is a sound exercise of its reasonable business judgment and should be approved in all respects.

> **C.      The Sale will be Free and Clear of all Liens, Claims, Encumbrances and Interests.**

23.      Section 363(f) of the Bankruptcy Code permits a debtor in possession to "sell property free and clear of any interest in such property…" if:

a.      Applicable nonbankruptcy law permits sale of such property free and clear of such interest;

b.      Such entity consents;

c.      Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

d.      Such interest is in bona fide dispute; or

e.      Such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest.

11 U.S.C. § 363(f) (2010).  *In re Bygaph, Inc.*, 56 B.R. 596, 606 n.8 (Bankr. S.D.N.Y. 1986)(the debtor need only satisfy one provision of section 363(f)).  Under section 363(f), upon a sale of assets, "third part[y] 'interests' in property are detached from the asset to be sold, and then may be reattached to the case or in-kind proceeds of sale…" *In re Eveleth Mines, LLC*, 312 B.R. 634, 649 (Bankr. D. Minn. 2004).  "A lien, security interest, or other formal encumbrance against an asset is…subject to § 363(f)." *Id.* at 650.

24.      Here, the Assets of the Debtor will be sold free and clear of all liens, claims and

encumbrances, except as follows:

     a.     The allowed amount of any claim secured by the personal property to be sold will be fully paid (or reserved) at closing.

     b.     Cure amounts or any accrued but unpaid post-petition obligations under coal leases or executory contracts or other obligations such as to Wilkem, Roy Reed, Asarco will be paid at closing if not previously paid. Attached as Exhibit "A" is a list of leases, contracts and obligations to be assumed and assigned to Coal America, and the amount due as of the date hereof as cure amounts, if any.

     c.     Post-closing obligations under such leases and contracts will be payable exclusively by the purchaser and any security or other contact rights held by the counter-parties will be preserved to them, and are not released by the Sale.

     d.     Certain environmental and regulatory rights and obligations are being assumed by the purchaser.

25.     Thus, to the extent that liens or security interests are not preserved, the Bankruptcy Code allows the sale free and clear of such claims under at least one of the tests in section 363(f). The Debtor believes that section 363(f)(2) is satisfied because each of the parties holding liens, security interests or other encumbrances, if any, on the Assets, will consent to or, absent any objection to this Motion, be deemed to have consented to a sale and transfer of the Assets. Alternatively, the Debtor believes that section 363(f)(5) is met because such lienholder may be forced to accept cash in satisfaction of such interest.

26.     Moreover, any lienholder with an interest in the Assets will be adequately protected by having its liens, if any, attach to the Sale proceeds upon consummation of the Sale. Such liens will attach to such proceeds in the same priority, validity, force, and effect that such creditor or lienholder had prior to the Sale, subject to any claims and defenses reserved by the Debtor. Accordingly, the Sale of the Assets should be free and clear of any liens, claims, encumbrances and interests under section 363(f).

**D.    Waiver of Bankruptcy Rule 6004(h) is Appropriate.**

27.    Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h) (2010).

28.    With mounting operating expenses coupled with the existing offer for its Assets, the Debtor believes that it is in the best interests of its estate, creditors, and parties-in-interest to consummate the Sale as soon as reasonably possible after all conditions have been met or waived.  Accordingly, the Debtor requests a waiver of Bankruptcy Rule 6004(h) to allow the Sale to close as expeditiously as possible within the timeframe contemplated by the Debtor and Coal America.

WHEREFORE, the Debtor respectfully requests that the Court approve the Sale as described herein and provide such other and further relief to which the Debtor is justly entitled.

Dated: January 26, 2010

Respectfully submitted,

/s/ George H. Tarpley

George H. Tarpley (admitted pro hac vice)
M. Jermaine Watson, TX Bar 24063055
**COX SMITH MATTHEWS INCORPORATED**
1201 Elm Street, Suite 3300
Dallas, Texas 75270
Telephone:  (214) 698-7800
Facsimile:  (214) 698-7899

**-and-**

/s/ Mark W. Hodge

Charles R. Nestrud, AR Bar 77095
Mark W. Hodge, AR Bar 97205
**CHISENHALL, NESTRUD & JULIAN, P.A.**
400 West Capitol Avenue
2840 Regions Center
Little Rock, Arkansas 72201
Telephone:  (501) 372-5800
Facsimile:  (501) 372-4941

**COUNSEL TO DEBTOR HEIDTMAN MINING, LLC**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 26, 2010, a true and correct copy of the *Motion to Approve the Sale of Assets Free and Clear of All Liens, Claims and Encumbrances* was served electronically via the Court's PACER system and by United States First Class Mail, postage prepaid, on counsel for Coal America, and the parties listed on the attached service list.

**Purchaser:**
Coal America
c/o Ray Jefferd
CanGrowth Capital Corp.
701 West Georgia St., #1500
Vancouver, BC  V7Y 1C6
Canada

Coal America Corp.
1066 West Hastings St., #1880
Vancouver, BC  V6E 3X1
Canada

*/s/ George H. Tarpley*
George H. Tarpley

# EXHIBIT "A"

## LEASES/CONTRACTS TO BE ASSUMED AND ASSIGNED, AND CURE AMOUNTS

## Exhibit A

| Counterparty | Cure Amount | Contract Description |
|---|---|---|
| ASARCO | $ 431,000.00 | Royalty Agreement dated October 31, 2005. |
| Albert Shankle and Susan Shankle | $ - | Temporary Right of Way and Easement from Albert Shankle and Susan Shankle, to Mid-America Mining and Development, Inc., dated February 14, 2003. |
| DeWayne Edwards, Rose Edwards, Albert Shankle and Susan Shankle | $ - | Shale Use Agreement by and between DeWayne Edwards, Rose Edwards, Albert Shankle and Susan Shankle, and Mid-America Mining & Development, Inc., dated February 14, 2003. |
| DeWayne Edwards and Rose Edwards | $ - | Coal Mine Land Lease Agreement by and between DeWayne Edwards and Rose Edwards, as lessors, and Mid-America Mining and Development, Inc., as lessee dated August 20, 2000. |
| DeWayne Edwards, Rose Edwards and Albert Shankle | $ - | Agreement to Grant and Convey Right of Way and Easement by and between DeWayne Edwards, Rose Edwards and Albert Shankle and Mid-America Mining & Development, Inc., dated November 15, 1996. |
| DeWayne Edwards | $ - | Coal Mining Lease by and between DeWayne Edwards, as lessor, and H.H.H. Mining, Inc., as lessee dated August 20, 1990, as modified by (a) Asssignment and Assumption of Coal Mining Lease dated December 21, 1992; and (b) Coal Mining Lease by and between DeWayne Edwards, as lessor, and Mid-America Mining & Development, Inc., as lessee, dated November 15, 1996. |
| Glenda K. Hill and Bobby R. Hill | $ - | Easement from Glenda K. Hill and Bobby R. Hill to Mid-America Mining and Development, Inc., dated November 3, 2000. |
| Kenneth M. Couch and Nola Imogene Couch | $ - | Easement from Kenneth M. Couch and Nola Imogene Couch to Mid-America Mining and Development, Inc., dated November 15, 2000. |
| Hudson Mining Company, Inc., Blake Mining Company, Inc., and H.H.H. Mining Company, Inc. | $ - | Coal Mining Lease from Hudson Mining Company, Inc., Blake Mining Company, Inc., and H.H.H. Mining Company, Inc., to Mid-America Mining and Development, Inc, an Arkansas corporation dated December 21, 1992. |
| Hudson Mining Company, Inc. and Blake Mining Company, Inc. | $ - | Temporary Easement from Hudson Mining Company, Inc., and Blake Mining Company, Inc., to Mid-America Mining and Development, Inc., dated November 15, 2000. |
| John Chambers | $ 750.00 | Letter Agreement between John Chambers and Heidtman Mining, LLC for Road Lease dated July 3, 2007. |

# Exhibit A

| | | |
|---|---|---|
| Ohio Holdings, Inc. | $  83,500.92 | Royalty Agreement between Hartshorne Carbon Company, an Arkansas corporation, and Ohio Holdings, Inc., a Delaware corporation, dated March 16, 2006, as amended by First Amendment to Royalty Agreement dated January 30, 2006, and a Coal Security Agreement dated October 31, 2005. |
| The Roy Reed Partnership | $  18,853.42 | Mining Agreement from the Roy Reed Partnership and Mid-America Mining and Development, Inc., an Arkansas corporation dated March 9, 1992. |
| Terry Roberts | $     500.00 | Letter Agreement between Terry Roberts and Heidtman Mining, LLC for Road Lease dated June 26, 2007. |
| Wilkem, Inc. | $ 244,030.57 | Coal Lease [Wilkem Sublease] dated April _____, 1991, from Wilkem, Inc., a Tennessee corporation, to Mid-America Mining and Development, Inc. an Arkansas corporation, a memorandum of which dated April 15, 1992 (as modified). |

# EXHIBIT "B"

**EXHIBIT B**
to
**ASSET PURCHASE AGREEMENT**
by and between
**Heidtman Mining, LLC and Coal America Corp.**

1.   **Titled Vehicles**

| Year, Make, Model | VIN |
|---|---|
| | |
| 1995 Chevrolet K1500 Tahoe | 1GNEK13K5SJ380783 |
| 2002 Chevrolet K2500hd Silverado | 1GCHK24U02E232562 |
| 2002 Chevrolet Avalanche K1500 | 3GNEK13T12G220345 |
| 1996 Ford E Super Duty RV | 1FDLE40G3THB41147 |
| 1997 Ford E Super Duty RV | 1FLDE40S6VHB42039 |
| 1997 Ford E Super Duty RV | 1FDLE40S1VHA84616 |
| 2003 Chevrolet K2500hd Silverado | 1GCHK24U23Z148673 |
| 1983 Ford 8000 Service Truck | 1FDNR8OU6DVA46515 |
| 1982 GMC TopKick 7000 Water Truck | 1GDM7D1Y7DV508382 |
| | |

2.   **Equipment**

| Manufacturer | (Qty.) Description | Serial No./VIN No. |
|---|---|---|
| Joy Mining | (2) Continuous Miner ("CM") -1998 CM Wet Head Drum Set CM Wet Head Cutter Gear Case | JM5174 & JM4927 |
| Engart | Dust Scrubber for Miner | |
| Coal Age | (5) Shuttle Car ("SC") | 2006-03-10042006 2006-08-10012006 2006-03-10022006 2006-04-10012006 2006-08-10022006 |
| Jeffery | (3) Ram Car #1, 2, & 3 Model 4110 | 38269 38273 38378 |

| | | |
|---|---|---|
| Cogar | Feeder Breaker, Model CF56-A3-G-DH 2005 | 2005-075 |
| | Roof Bolter, Model DDR-15-BCW 2005 | ET13468 |
| Fletcher | (2) Roof Bolter: Model CRRII-17 2005 | 2005090 <br> 2005091 |
| Lo Trac | Mantrip: Model F3L1011F | 40608 |
| Hydra Power | (2) Mantrip Model 10236402 | 61039 <br> 61040 |
| | (3) Personnel Carrier | 60860 <br> 60861 <br> 60862 |
| Intermountain Electronics | (3) Power Center | 51791 <br> 54112 <br> 1-Unknown |
| | Vacuum Circuit Breaker Switch House | |
| | 2000KVA Slope Belt Conveyor | |
| | Power Center | 851-5/06 |
| | 15 KVA Mine Power-Feed Cable; 4200 Ft, 550 ft joints with PLM couplers; all 2/0, 3C, GGC | |
| | New Sub Station @ Plant | |
| | Old Substation 12470 Volt | |
| GE | 2.5 MW Generator | 69-E1-1075 |
| Caterpillar | Caterpillar Generator, Engine <br>      CAT 3406 Model EER20 | |
| | Caterpillar Generator, Engine <br>      CAT 3406 Model EER22 | IL200745 |
| | 1995 - D6H-LGP Dozer Series 11 | 3YG06165 |
| | 2005 - 277B Skid Steer Loader | CN02373 |
| Jeffery | 8 Ft. Main Mine Ventilation Fan <br>      Model 8BHU-96 | 36849 |
| | Ventilation Fan 400 HP Model 8HU-97 | 36849 |
| Continental Conveyor | (2) Conveyor Slope Belt 54 inch- #1 <br>                  54 inch-West Belt #2 <br> Section Conveyor Belt 42 inch-#3 | |
| Komatsu | WA450-#MC Articulated Loader | A31265 |
| | WA250-3MC Articulated Loader | A71595 |

| | | |
|---|---|---|
| | (2) Loader | A92127<br>A92201 |
| Daewoo | 2006 Fork Lift G25E | |
| Eriez | PP Raw Coal Handling System: Belt Magnet | |
| | PP Clean Coal Conveyor, 180 TPH Capacity,<br>300 FPM, 36'W x 102'L x 9' lift | |
| | PP Magnetic Separator, Model 36" x 117" Self-Leveling | |
| Ramsey | PP Clean Coal Belt Scale | |
| James A. Radding | PP Clean Coal Swing Arm-9 Iron Swing Sampler | |
| Peters Equip. | Prep Plant ("PP"): | |
| | PP Raw Coal Handling System: Raw Coal Bunker<br>12'H x 8'Wx16'L (inside dimensions) | |
| | PP Raw Coal Handling System: Vibratory Feeder<br>42"Wx84"L Model FMC XP MF-200-C | |
| | PP Raw Coal Handling System: Tunnel | |
| | PP Raw Coal Handling System:<br>Plant Feed Conveyor 452'L x 121' Lift | |
| | PP Raw Coal Handling System: Loading Hopper | |
| | PP Raw Coal Handling System: Raw Coal Belt Scale | |
| Superior<br>Conveyor | PP Clean Coal Stacking, 180 TPH (250 TPH Design)<br>Speed: 300 FPM 36" W x 100'L | |
| | PP Refuse Conveyor Belt, 66 TPH, 300 FPM, 3' W<br>x 72' L | |
| | PP Refuse System Transfer Point, Supports<br>Chute to stacker conveyor | |
| | PP Refuse Stacker Conveyor, 85 TPH, 300 FPM,<br>36" W x 100'L x 30'lift | |
| | PP Raw Coal Deslime Screen – Banana Screen,<br>300 TPH, 10' W x 20' L | |
| | PP Oversized Material Bunker, 20'W x 12'D x 8'H<br>with 8" thick floor, back wall w/ 4 Embedded<br>rails to prevent damage from loader bucket | |
| | PP Heavy Media Pulping Column,<br>203 TPH, 24" (inside diameter) | |
| | PP Heavy Media Cyclone Sump & Pump, 2564<br>GPM Capacity,<br>1.8 Slurry S.G., 875 RPM, Hinged full face guard,<br>166.5 brake HP; Model 8x6 FXU | |

| | | |
|---|---|---|
| | PP Magnetite Bin and Feeder: Bin-8" diameter x 18' vertical x 60° cone; Feeder – 6 TPH (min) capacity, 9" diameter | |
| Ludowici | PP Coarse Clean Coal Centrifuge, 125 TPH model VM1400 2KB | |
| Krebs | PP Heavy Media Cyclone Model D33-T214x73 x16 | |
| | PP Heavy Media Cyclone Clean Coal Curved Sieves, 5' W x 80" Radius x 45 degree arc | |
| | PP Heavy Media Cyclone Clean Coal Curved Sieves, 5' W x 80" Radius x 45 degree arc | |
| | PP Coarse Clean Coal Drain & Rinse Screen, feed rate 152 TPH, 900 RPM, 6'W x 16'L - horizontal model | |
| | (5) PP Raw Coal Classifying Cyclones; Model D15LB-t123 x 14 x 5.25 | |
| Texas Nuclear | PP Heavy Media Cyclone Nuclear Density | |
| | PP Thickener Underflow Nuclear Density | |
| Conn-Weld | PP Cyclone Refuse Flat Sieve, 5'W x 4'L | |
| | PP Refuse Drain & Rinse Screen 6'Wx16'L | |
| | PP Refuse Dewatering High Freq. Screen; 6'Wx12'L | |
| Warman | PP Classifying Cyclone Pump, 3315 GPM, slurry S.G. 105, RPM 610, 86.7 brake HP, Model 10/8 FXU | |
| | PP Classifying Cyclone Sump, 12' diameter w/60° cone bottom and 6' straight sides, 8" dia. pipe drain, with bolted blind flange | |
| | PP Dilute Pump Model 6/5 DXU | |
| | PP Dilute Sump 8' dia. w/60° cone bottom & 6' straight sides | |
| | PP Clarified Water Pump, Model 10/8 FXU | |
| | PP Thickener Underflow Pump, Model 4/4 CXU | |
| Roche | PP Clean Coal Spirals Model Triple Start LD7RC | |
| | PP 2 Stage Fine Coal Sieves 8' x 80' radius x 45° | |
| | PP Effluent/Middling's Sump; 6' dia. w/ 60° cone bottom & 4'straight sides | |
| Decanter Machine | PP Screen Bowl Centrifuge 36 x 72 | |
| Eimco | PP Thickener 70' diameter | |

| | | |
|---|---|---|
| Toyo | PP Basement Clean-Up Sump & Pump, Model DL-15 Submersible | |
| Atlas Copco | PP Compressed Air System, 100 cfm @ 125 psi ASME | |
| | PP Plant Wash-down System | |
| | PP Oxygen & Acetylene And Welding System | |
| | PP Operator's Room/MCC room 8'x 9'x 40'ConEx | |
| Acco | PP Machinery Hoist & Lift Beams Mode 5 ton Wire Rope Hoist | |
| Hankinson | PP HBP-600 Blower Purge Desiccant Air Dryer | |
| Morgantown | PP SD 2-HD Slinger Duster Hydraulic-Driven, 2900 lb. Cap. 29" overall height max | |
| | PP Product Belt Scale | |
| | PP Product Radial Stacker | |
| | PP ConEx 8'x9'x 40' trailer (tool & parts room) | |
| | PP Fine Coal Circuit-MCC room; ConEx 8'x9'x20' | |
| | PP Fine Coal Circuit - Jameson Flotation Cell Sys. | |
| Godwin | 8" Dri-Prime Diesel Trash Pump, Mod.CD225M | 64557417 |
| Sunflo | High Pressure Booster Pump X-Cut 15 | |
| Decanter Machine | (2) PP Fine Coal Circuit – Decanter Screen Bowl Centrifuge System | |
| | PP Fine Coal Circuit-Pump & 200 Hp motor (for Jameson floatation cell)-5200 gal/min | |
| | PP Fine Coal Circuit - 30' product belt for float cell | |
| | PP Fine Coal Circuit – (2) 2,000 gal plastic storage tanks | |
| | PP Fine Coal Circuit – (2) metering pumps 0-6 gals/min | |
| | PP fine Coal Circuit - (3) knife gate valves | |
| | PP Fine Coal Circuit - Sump (for Jameson Floatation Cell) | |
| | PP Fine Coal Circuit - Soft start (for Decanter drive motor) | |
| | PP Fine Coal Circuit - Electrical slide in box (for motor control panel) for water only cyclone pump (starter & breaker) | |

|  | PP Fine Coal Circuitry - Electrical slide in box (for Motor control panel for Decanter) |  |
|---|---|---|
| Stancor | Mine Dewatering Pumps, (17 total, descriptions follow): 10 HP Pump XC-18 E-2 West Mains 5 HP Pump X-Cut 19 5 HP Pump #2-X-Cut 19 5 HP Pump X-Cut 32 E-8 28 HP Pump 42x-Cut E-2 10 HP Pump 42 X-Cut E-2 18 HP Pump X-Cut 3 5 HP Pump XC-12 E-6 West Mains X 30' lifts (2) 28 HP Pumps #1 X-Cut 20 5 HP Pump XC-2 E-3 South Mains 18 HP Pump X-Cut 3 (3) 28 HP Pumps X-Cut 9 28 HP Pump E-7 X-Cut 10 13 HP Pump E-6 X-Cut 19 |  |
|  | (2) SAT Pumps |  |
| Conspec | Mine Monitoring System: Surface alarm, blue inputs, red output stations, alarm & strobe, fiber-optic cable |  |
|  | (225) Drager Oxy K Plus SCSRs in service |  |
|  | (134) Self Rescuer SR-100s in service |  |
|  | FEMCO Mine Communication System |  |
|  | (2) Battery for Scoop Type E-155-21 |  |
| A.L. Lee | Rock Dust Tanker-50 Ton | 06-E8762 |
|  | Gardner-Denver 150 Air Compressor | 06-E8871 |
|  | Rock Dust Pressure Tank | 06-E8849 |
|  | Mini-Trickle Duster | 06-E8890 |
|  | Mini-Trickle Duster | 06-E8848 |
|  | Diesel Mini-Trac Non-Permissible | 06-E8847 |
|  | Spot Drill Attachment for Mini-Trac Model 360 Spot Drill | 07-E8952 |
|  | Belt Master II Rock Duster | 06-E8750 |
|  | Bantam Duster | 06-E8891 |
|  | Bantam Duster | 06-E8809 |
|  | Bantam Duster | 06-E8808 |
|  | Bantam Duster | 33URAI |
|  | Mini Master Hydraulic Rock Duster | 05-E8378 |
|  | Pressure Tank | 07-E9540 |
|  | Pressure Tank | 07-E9541 |
|  | Life Shelter | 08-LS9158 |

| | | |
|---|---|---|
| | Mini-Trick Permissible Rock Duster | 06-E8749 |
| Femco | PP Communication System | |
| Fairchild International | Fairchild Scoop Model 35C-WH2-25 | T400-103 |
| Pewag | Hexa Spike 12 MM Tire Chain | |
| | Raw Coal Hopper | |
| | High Voltage Switch in Pit | |
| | High Voltage at 32 X-Cut 3 Entry | |
| | Hopper for Raw Coal Belt | |
| | Stacker Belt | |
| | Conveyor Tail Piece | |
| | ConEx 8'x 9'x 40' trailer by Mine Timber Yd | |
| | ConEx 8'x 9'x 40' trailer (empty) | |
| | ConEx 8'x9'x 40' trailer (Rock Core Storage) | |
| | Phone System & Wireless Network: AT&T Matrix, (11) multiple line, Pager, Handsets | |
| Hall Tank | 10,000 gal Double Wall Diesel Above Ground Diesel Storage tank | 386809 |
| DXP | BG-4 Mine Rescue Unit #1 | ARZE-0396 |
| | BG-4 Mine Rescue Unit #2 | ARWL-0229 |
| | BG-4 Mine Rescue Unit #3 | ARWL-0004 |
| | BG-4 Mine Rescue Unit #4 | ARWL-0107 |
| | BG-4 Mine Rescue Unit #5 | ARWL-0005 |
| | BG-4 Mine Rescue Unit #6 | ARWL-0116 |
| | BG-4 Mine Rescue Unit #7 | ARKJ -0185 |
| | BG-4 Mine Rescue Unit #8 | ARWL-0177 |
| | BG-4 Mine Rescue Unit #9 | ARWL-0108 |
| | BG-4 Mine Rescue Unit #10 | ARXJ- 0171 |
| | BG-4 Mine Rescue Unit #11 | ARWL-0011 |
| | BG-4 Mine Rescue Unit #12 | ARWL-0232 |
| | Mine Rescue Trailer | 49TCB101231061147 |
| | Mine Rescue Communication Line | |
| | Mine Rescue Oxygen Booster pump Model ML7000AZ | PO8144 |
| | (2) RZ50E Test Kits | |
| | Industrial Scientific 3 Gas Meters | 0811187-003 |
| | Industrial Scientific 3 Gas Meters | 0811187-002 |
| | Industrial Scientific 3 Gas Meters | 0811187-001 |
| | Industrial Scientific 3 Gas Meters | 0811187-004 |
| | Multi Charger for Industrial Scientific 3 Gas Meters | |

| Powell | Powell Scoop Model PE-300 | PE3025 |
|--------|---------------------------|--------|
| Wagner | Wagner Diesel Scoop | |
| Various | Computers & Network Hardware: Laptops, Server, satellite dish, printers | |
| MCI | Distribution Box<br>Distribution Box Model 33914-58915-1201 | |

**3.    Fixtures and Improvements to Real Estate not described in ¶ 2 above; Equipment**

a.  [Description of Coal PP] Modular Processing Preparation Plant, 300 TPH constructed by Peters Equipment Co. in 2006-Concrete pad, steel structure, metal exterior walls. Jameson Cell fine coal circuit addition 2008.

b.  [Description of Office/Bathhouse Facilities] Constructed in 2006: Concrete slabs, metal & masonry exterior wall, masonry and sheet rock interior walls.  Restrooms and bathhouse facilities. Approx dimensions: 100 ft x 40 ft.

   Warehouse:  Constructed in 2006: Concrete slabs, metal & masonry exterior walls, masonry and sheet rock interior walls.
   Approx dimensions: 35 ft x 65 with 3 offices and "tool" room upper, 1 restroom lower.

c.  [Description of Loading Facilities]
   Truck Scale System-is installed except for electronics.
      (Once electricity is on, electronics will be installed and the system calibrated.  Once calibrated, Memphis Scale will certify scale system for use.)

d.  [Description of Other Facilities, e.g.,  machine shop, coal storage]

   Mine Pit Office/Repair Shop: Concrete slab, metal exterior walls.
      Approx 20 ft x 40 ft; one office, lamp room & shop stall-no restroom

   Guard Shack: Constructed in 2008: wood exterior walls.

   Diesel Shop, Steel Storage Building, Air Compressor Building, Oil Shed

   Slope Belt Starter Control Building:  Constructed in 2006: Separate metal exterior motor control building for starting 4 x 400 hp 480 volt slope belt conveyor drive motors; in weather proof enclosures.

   PP Trailer: Contains PP Manager's Offices and Records

Land Improvements:
  Refuse Area
  Ponds
  New Roadway and Improvements
  Barrier Wall
  Fence
  Spoil Pullback
  Water Supply & Distribution System

4.    **Insurance Policies**

| **Issuer** | **Type-Current Effective Dates** | **Policy Number** |
|---|---|---|
| **Arch Specialty** | **Commercial GL-07/02/09-07/02/10** | **CSPKG0053500** |
| | General Aggregate Limit: $2 million | |
| | Each Occurrence: $1million | |
| **Travelers Indemnity** | **AR Workers Comp-09/24/09-09/24/10** | **9948L166 UB** |
| | Bodily Injury by Accident: $100,000 | |
| | Bodily Injury by Disease:   $500,000 policy limit | |
| | Bodily Injury by Disease:   $100,000 ea. Employee | |
| **Lockton – Lloyd of London** | **Equipment Insurance – 09/01/09-09/01/10** | **PRPNA0900618** |
| | Above & Underground Ground Equipment: $3 million | |

5.    **Coal Inventory**

a. As of 11/02/09 no coal on surface

6.    **Supplies and Part Inventories**

See Detailed Inventory Valuation by Part @ 02/06/09

# EXHIBIT "C"

**EXHIBIT C**
to
**ASSET PURCHASE AGREEMENT**

Excluded Assets:

1. Parts and Supplies Inventory @ 2/6/09:
   54" 1000 PIW 4 Ply Belt MSHA: 7884 ft. valued at $647,039.88
   returned to vendor and consigned resale on 2/2/09.

2. Checking Accounts:

   Heidtman Mining LLC – Debtor in Possession – Regions Bank
   Operating Account # 0087653060
   Payroll Account # 0087653133
   Tax Account # 0087652773

3. Letter of Credit: Fifth Third Bank – MaxSaver Account # 7341313240 pledged
   to ADEQ - $ 471,067.82

4. Certificate of Deposit – Regions Bank – pledged to ADEQ - $95,000

2819268.1

# EXHIBIT "D"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 09-72912 |
| HEIDTMAN MINING, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

### NOTICE OF INTENDED SALE OF ESTATE PROPERTY, DEADLINE FOR SUBMITTING OBJECTIONS AND HIGHER OFFERS AND HEARING DATE

TO CREDITORS AND PARTIES IN INTEREST:

A.  **NOTICE OF SALE AND OPPORTUNITY TO OBJECT**

1.      Notice is hereby given, pursuant to 11 U.S.C. §§363, 365, Fed. R. Bankr. P. 2002(a)(2), 6004 and 6006 that Heidtman Mining, L.L.C., (the "Debtor"), intends to sell substantially all of the Debtor's real and personal property (the "Property") and seeks to assume and assign the Debtor's leasehold and executory contract interests in such Property to the extent the purchaser desires to acquire the leaseholds and executory contracts.

2.      The Debtor has received an offer to purchase the Assets by private sale from Coal America (the "Purchaser") for the sum of $15,000,000 in cash and $25,000,000 in preferred stock (and other consideration described in the Debtor's Motion to Sell) (the "Purchase Price").

3.      The sale and assignment shall take place following the entry of an order approving the sale and assignment by the United States Bankruptcy Court. The terms of the proposed sale are more particularly described in the Debtor's Motion to Approve the Sale of Assets Free and Clear of All Liens, Claims and Encumbrances (the "Motion to

1

Sell"). The Debtor has also filed its Motion to Assume and Assign Executory Contracts and Leases (the "Motion to Assume and Assign"). Both motions were filed with the bankruptcy court on January 26, 2010.

4.     The Debtor proposes to sell its assets free and clear of all liens, claims and encumbrances as provided by Section 363 of the United States Bankruptcy Code except to the extent described in the Motion to Sell. Any perfected, enforceable, valid liens shall attach to the proceeds of the sale according to priorities established under applicable law except as otherwise described in the Motion to Sell.

5.     Any objection to the Motion to Sell or the Motion to Assume and Assign must be must be made in writing, and filed with the Clerk's Office at the following address no later than 5:00 p.m. (CST) on February 16, 2010 (the "Objection Deadline").

> Clerk, United States Bankruptcy Court
> Western District of Arkansas
> Federal Building, Room 316
> 35 E. Mountain Street
> Fayetteville, AR 72701

6.     Any objection must be served on the following parties:

> a.     <u>The Debtor's Bankruptcy Counsel</u>:
> George H. Tarpley
> Cox Smith Matthews, Incorporated
> 1201 Elm St., Suite 3300
> Dallas, TX 75270

> b.     <u>Counsel for the Unsecured Creditors Committee</u>:
> Thomas E. Robertson, Jr.
> Pryor, Robertson, Beasley & Smith
> 315 North 7th St.
> P. O. Drawer 848
> Fort Smith, AR 72902-0848

    c.    <u>The United States Trustee</u>
Richard H. Sforzini, Jr.
Office of the U.S. Trustee
200 W. Capitol Avenue, #1200
Little Rock, AR  72201

    d.    <u>Purchaser:</u>
Coal America
c/o Ray Jefferd
CanGrowth Capital Corp.
701 West Georgia St., #1500
Vancouver, BC  V7Y 1C6
Canada

Coal America Corp.
1066 West Hastings St., #1880
Vancouver, BC  V6E 3X1
Canada

7.    The parties listed above are the "Notice Parties."  Any objection to the sale must state with particularity the grounds for the objection and why the intended sale and assignment should not be authorized.

## B.  BANKRUPTCY COURT HEARING ON MOTION TO SELL

8.    The Bankruptcy Court has set a hearing on the Motion to Sell and the Motion to Assume and Assign for February 19, 2010, at 9:00 a.m. (CST), at the following address:

United States Bankruptcy Court
Western District of Arkansas
Federal Building
35 E. Mountain Street
Fayetteville, AR  72701

9.      If no objections to the Motions are filed, the Court may treat the Motions as unopposed.

### C. **OPPORTUNITY FOR HIGHER AND BETTER OFFERS**

10.     The provisions below shall control the submission and selection of higher and better bids for the Property unless changed by subsequent Bankruptcy Court order. Any party that wishes to make a higher and better offer for the Assets may do so by providing written notice of the offer, together with a signed Asset Purchase Agreement modified to reflect the terms of the offer, to the Notice Parties (listed above) by 5:00 p.m. (CST) on February 12, 2010.  Through this Notice, higher offers for the Assets and/or Leases are hereby solicited.  Any higher offer must be of a net value to the estate greater than the Coal America offer, and contain terms at least as favorable to the Debtor as are contained in the Coal America offer.  Higher offers must be accompanied by a deposit of $1,500,000 ("Counteroffer Deposit").    Any party making a counteroffer must immediately, on the Debtor's request, make available to the Debtor information sufficient to verify the financial ability of the party to close and fund the purchase.

11.     If a counteroffer is received, the Debtor shall notify the currently proposed purchaser of the counteroffer and may elect to hold an auction at such time and place (including telephonically) as the Debtor reasonably elects. If an auction is held, minimum bid increments shall be $250,000.  The participants in the auction shall be limited to the currently proposed purchaser and all parties who have made counteroffers.  The Debtor in its sole and reasonable discretion shall determine which offer is the highest and best offer, considering all factors whether economic or non-economic.  The Debtor reserves the right to modify or amend these procedure at the auction if in its reasonable judgment the demands of justice or the best interests of the estate so warrant.

4

12.   The successful bid shall be submitted to the Bankruptcy Court for approval at the scheduled sale hearing described above.

13.   The balance of the purchase price in excess of the deposit shall be paid in immediately available funds at the closing if the counteroffer is accepted by the Debtor and approved by the Bankruptcy Court.   In the event that the successful bidder fails to close on the sale timely, or otherwise breaches its Asset Purchase Agreement, the Assets may be sold to the next highest bidder without further notice or Order from this Court, and the Counteroffer Deposit shall be forfeited to the Debtor's estate.

14.   Any questions concerning the Sale Motion should be addressed to the Debtor's bankruptcy counsel George H. Tarpley, Cox Smith Matthews Incorporated, at the address listed above, or at gtarpley@coxsmith.com or by phone to 214-698-7818. Copies of the Motion to Sell or the Motion to Assume and Assign, and of the Asset Purchase Agreement (once it is finalized and signed by Coal America and the Debtor) are available, upon written request, from the undersigned counsel to the Debtor.

Dated: January 26, 2010

Respectfully submitted,


*/s/ George H. Tarpley*
George H. Tarpley (admitted pro hac vice)
M. Jermaine Watson, TX Bar 24063055
**COX SMITH MATTHEWS INCORPORATED**
1201 Elm Street, Suite 3300
Dallas, Texas 75270
Telephone:  (214) 698-7800
Facsimile:  (214) 698-7899

**-and-**

*/s/ Mark W. Hodge*
Charles R. Nestrud, AR Bar 77095
Mark W. Hodge, AR Bar 97205
**CHISENHALL, NESTRUD & JULIAN, P.A.**
400 West Capitol Avenue
2840 Regions Center
Little Rock, Arkansas 72201
Telephone:  (501) 372-5800
Facsimile:  (501) 372-4941

**COUNSEL TO DEBTOR HEIDTMAN MINING, LLC**

2819269.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 26, 2010, a true and correct copy of the *Motion to Approve the Sale of Assets Free and Clear of All Liens, Claims and Encumbrances* was served electronically via the Court's PACER system and by United States First Class Mail, postage prepaid, on counsel for Coal America, and the parties listed on the attached service list.

> **Purchaser:**
> Coal America
> c/o Ray Jefferd
> CanGrowth Capital Corp.
> 701 West Georgia St., #1500
> Vancouver, BC  V7Y 1C6
> Canada
>
> Coal America Corp.
> 1066 West Hastings St., #1880
> Vancouver, BC  V6E 3X1
> Canada

> /s/ George H. Tarpley
> George H. Tarpley

Service List

| | | |
|---|---|---|
| Heidtman Mining, LLC<br>P.O. Box 339<br>Hartford, AR  72938 | George H. Tarpley<br>Cox Smith Matthews, Inc.<br>1201 Elm St., #3300<br>Dallas, TX  75270 | Mark W. Hodge<br>Chisenhall, Nestrud & Julian,<br>P.A.<br>400 West Capitol Ave., #2840<br>Little Rock, AR  72201<br>mhodge@cnjlaw.com |
| Charles Tucker<br>Office of the U.S. Trustee<br>200 W. Capitol, #1200<br>Little Rock, AR  72201 | **Counsel to Official Committee<br>of Unsecured Creditors**<br>Thomas E. Robertson, Jr.<br>Kenneth W. Cowan<br>Pryor, Robertson, Beasley<br> & Smith, PLLC<br>315 North 7th St.<br>P. O. Drawer 848<br>Fort Smith, AR  72902-0848 | |

**Secured Creditors**

| | | |
|---|---|---|
| Arkansas Dept of Environmental<br>Quality<br>5301 Northshore Dr.<br>North Little Rock, AR  72118 | General Electric Capital<br>Corporation<br>P.O. Box 640387<br>Pittsburgh, PA  15264-0387 | |

**Top 20 Unsecured Creditors**

| | | |
|---|---|---|
| Arkansas Dept of Environmental<br>Quality<br>5301 Northshore Dr.<br>North Little Rock, AR  72118 | ASARCO LLC<br>Attn: Jack Gracie<br>5285 E. Williams Cir., #2000<br>Tucson, AZ  85711 | Clark Shepherd<br>615 Elm St.<br>Greenwood AR  72936 |
| Continental Conveyor<br> & Equipment Company<br>Attn: Steve<br>P.O. Box 71-4133<br>Columbus, OH  43271-4133 | Gilmore Jasion & Mahler, LTD<br>1715 Indian Wood Cir., #100<br>Maumee, OH  43537 | Hamco Corporation<br>2227 West Calle Guatamote<br>Green Valley, AZ  85622 |
| Insurance Co. of Pittsburgh<br>Attn: Michelle Levitt<br>175 Water St., 18th Fl.<br>New York NY 10038 | Internal Revenue Service<br>Special Procedures-Insolvency<br>P.O. Box 21126<br>Philadelphia, PA  19114 | Jennmar of Kentucky, Inc.<br>Attn: Glen<br>P.O. Box 640339<br>Pittsburgh, PA  15264-0339 |
| Joy Mining Machinery<br>Attn: Theresa Dye<br>P.O. Box 504794<br>St. Louis, MO  63150-4794 | MSHA<br>Department of Labor/MSHA<br>P.O. Box 790390<br>St. Louis, MO  63179-0390 | Ogletree, Deakins, Nash,<br> Smoak & Stewart<br>Attn: Marsha Phillips<br>P.O. Box 167<br>Greenville, SC  29602 |

Rexel Electrical & Datacom
Products
Dept. 2109,
P.O. Box 122109
Dallas, TX  75312-0001

David Rohrbacher
Rohrbachers Cron Manahan
Trimble & Zimmerman Co.,
L.P.A.
405 Madison Ave.
Toledo, OH  43604-1243

Savage Property & Casualty Inc.
1789 Indian Wood Cir., #100
Maumee, OH  43537

Sebastian County Tax Collector
P.O. Box 1358
Fort Smith, AR  72902

SunTrust
P.O. Box 79194
Baltimore, MD  21279-0194

Mr. T. Arthur Palm
P. O. Box 861
Price, UT  84501-0861
E-mail: artpalm@aol.com

Wang Properties Corp
c/o Mr. Holmes
Holmes and Company
#1880 - 1066 West Hastings St.
Vancouver, BC,  Canada

Mr. Paul K. McClure
Wilkem, Inc.
8700 Trail Lake Dr. West, #300
Memphis, TN  38125
E-mail: pmcclure@kwilson.com

### Regulatory Agencies

Internal Revenue Service
Special Procedures-Insolvency
P.O. Box 21126
Philadelphia, PA  19114

Arkansas Dept of Environmental
Quality
5301 Northshore Dr.
North Little Rock, AR  72118

U.S. Department of Labor
Employment Standards Admin.
Office of Workers' Compensation
Div of Coal Mine
Washington, D.C.  20210

### Litigants/Counsel

Dubois Electric, Inc.
c/o Cody Thompson
2414 S. 57th, #105
Fort Smith, AR  72903

General Electric Capital
Corporation
c/o Gregory L. Taddonio
Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716

Wilkem, Inc.
c/o William S. Solmson
Wyatt, Tarrant & Combs, LLP
1715 Aaron Brenner Dr., # 800
Memphis, TN  38120-4367

HD Supply Waterworks
c/o Jeffrey Hendricks/Cara Hurak
Graydon Head & Ritchey LLP
511 Walnut St., #1900
Cincinnati, OH  45202

Times Record
c/o Kathryn A. Stocks
Warner Smith Harris PLC
P. O. Box 1626
Fort Smith, AR  72902-1626

Hurt's Hardware, Lumber & More
c/o Matthew J. Ketcham
Nolan Caddell & Reynolds PA
P. O. Box 184
Fort Smith, AR  72902

T. Arthur Palm
c/o Stephen M. Sharum
P. O. Box 1951
Fort Smith, AR  72902-1951

Clark Shepherd
c/o Stephen M. Sharum
P. O. Box 1951
Fort Smith, AR  72902-1951

ABC Central Block & Brick
Company
c/o Chris Corbitt
Corbitt Law Firm
P. O. Box 4368
Little Rock, AR  72214

### Notice of Appearance

ASARCO LLC
c/o Jason N. Bramlett
Friday Eldredge & Clark LLP
3425 N. Futrall Dr., #103
Fayetteville, AR 72703
jbramlett@fec.net

Anadarko Petroleum
Corporation; Andromeda
Partners, Limited Partnership;
Jack R. and Deborah M. Crissup;
and The Ream Interests, Inc.
c/o Robert M. Honea
Hardin, Jesson & Terry, PLC
P. O. Box 10127
Fort Smith, AR 72917-0127
honea@hardinlaw.com

Enervest Operating, LLC
c/o C. Michael Daily
Daily & Woods, P.L.L.C.
58 South 6th Street
P.O. Box 1446
Fort Smith, AR 72902-1446

Newoods, Inc. d/b/a ABC Block
Co.
c/o Chris P. Corbitt
Corbitt Law Firm, PLLC
P. O. Box 4368
Little Rock, AR 72214-4368
chris@corbittlawfirm.com

Mr. Steve Fair
Continental Crushing &
Conveying
P. O. Box 400
Winfield, AL 35594-0400
E-mail: sfair@continental-cc.com

Duboise Electric, Inc.
c/o Kenneth W. Cowan
Pryor, Robertson, Beasley
  & Smith, PLLC
P. O. Drawer 848
Ft. Smith, AR 72902-0848
kcowan@prbslaw.com

Gould's Electric of Illinois, LLC
c/o Gary C. Miller
214 Hobson Ave.
Hot Springs, AR 71913
garycmillerlaw@gmail.com

Raben Tire Company
c/o Bruce Akerly/Heather Jobe
Bell Nunnally & Martin LLP
1400 One McKinney Plaza
3232 McKinney Ave.
Dallas, TX 75204-2429

Mr. David M. Sivadon
GROCO Agricultural Marketing
Incorporated
2106 West 181st St. South
Mounds, OK 74047
E-mail: davidsivadon@tds.net

John M. Carey
Watkins, Bates & Carey, LLP
405 Madison Ave., #1900
Toledo, OH 43604-1207
carey@wbc-law.com

Wilkem, Inc.
c/o Daniel E. Hitchcock
Robert J. Brown
Wyatt, Tarrant & Combs, LLP
250 W. Main St., #1600
Lexington, KY 40507-1746
lexbankruptcy@wyattfirm.com

Shook & Fletcher Supply Co.,
Inc.
c/o Daniel D. Boland
Quattlebaum, Grooms,
Tull & Burrow PLLC
111 Center Street, #1900
Little Rock, AR 72201
dboland@qgtb.com

The Roy Reed L.L.C.
c/o Kathryn A. Stocks
Warner, Smith & Harris, PLC
400 Rogers Ave.
P. O. Box 1626
Fort Smith, AR 72902
kstocks@warnersmith.com

Mr. Allen D. Owen, Jr.
JRT Trucking, Inc.
11891 Pine St.
Cameron, OK 74932
E-mail: jrttrucking@indstream.net

Mark Ridenour
Heidtman Mining, LLC
2401 Front St.
Toledo, OH 43605
Mark.ridenour@heidtman.com

Elizabeth Maxine Christian
P. O. Box 268
Spiro, OK  74959-0268
maxine.christian@yahoo.com

JK Davis & Associates
c/o Arthur Standish/Sarah
McCarty/Eric Lycan
Steptoe & Johnson, PLLC
P. O. Box 1588
Charleston, WV 25236
art.standish@steptoe-johnson.com
sarah.mccarty@steptoe-johnson.com
eric.lycan@steptoe-johnson.com

General Electric Capital
Corporation
c/o Mark Rayburn Adams
DUNN, NUTTER & MORGAN,
LLP
3601 Richmond Road
Texarkana, TX  75503
mradams@dnmlawfirm.com

Fred Deichert
Midwest Terminals
387 W. Dussel Dr.
Maumee, OH 43537

Hoffman & Associates, Inc.
Attn: Melody Brown
320 O'Bryan Ln.
Van Buren, AR  72956

Star Mechanical Supply, Inc.
Attn: Renetta
P.O. Box 109
Springdale, AR  72765-0109

Rock Drillers North, Inc.
Attn: Jason
P.O. Box 86
White Sulphur Springs, WV
24986

Ford Motor Credit Company LLC
Dept 55953
Box 55000
Detroit, MI  48255-0953

Donald S. Keough
SunTrust Equipment Finance &
Leasing Corp.
300 East Joppa Rd., #700
Towson, MD  21286
Don.Keough@SunTrust.com

Fifth Third Bank -LOC
P.O. Box 630900
Cincinnati, OH  45263

### Holders of Contracts to be Assumed/Assigned

Albert  and Susan Shankle
P.O. Box 17
Hartford, AR  72938

Dewayne and Rose Edwards/
P.O. Box 17
Hartford, AR  72938

Glenda and Bobby Hill
6445 Happy Valley Rd.
Hartford, AR  72938

Kenneth and Nola Couch
5814 West Hwy 96
Hartford, AR  72938

John Chambers
105 East 9th St.
Danville, AR  72833

Ohio Holdings
387 W. Dussel Dr.
Maumee OH 43537

Roy Reed Trust
P.O. Box 687
Poteau, OK  74953

Terry Roberts
P.O. Box 346
Hartford, AR  72938

Mr. Paul K. McClure
Wilkem, Inc.
8700 Trail Lake Dr. West, #300
Memphis, TN  38125
E-mail: pmcclure@kwilson.com

Hudson Mining
3139 Butterfield Estates
Van Buren, AR  72956

Blake Mining
PO Box 97
Midland, AR  7294

H.H.H. Mining
3139 Butterfield Estates
Van Buren, AR  72956

Coal America
c/o Ray Jefferd
CanGrowth Capital Corp.
701 West Georgia St., #1500
Vancouver, BC  V7Y 1C6
Canada

Coal America Corp.
1066 West Hastings St., #1880
Vancourver, BC  V6E 3X1
Canada

2819361.1