IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 09-72912 |
| **HEIDTMAN MINING, LLC,** ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**SUPPLEMENTAL MOTION TO
APPROVE THE SALE OF ASSETS FREE AND CLEAR OF ALL
LIENS, CLAIMS AND ENCUMBRANCES**

Heidtman Mining, LLC, debtor and debtor in possession in the above-captioned case (the "Debtor"), hereby files this *Supplemental Motion to Approve the Sale of Assets Free and Clear of All Liens, Claims and Encumbrances* (the "Supplement"). This pleading supplements, but does not replace, the Debtor's *Motion to Approve the Sale of Assets Free and Clear of All Liens, Claims and Encumbrances* [Docket # 268]. In support of this Supplement, the Debtor respectfully represents the following.

**I.**

1. Coal America Corporation ("Coal America") has delivered to the Debtor a signed Asset Purchase Agreement, but has not yet made the required deposit to accompany the agreement. Accordingly, the Debtor remains uncertain whether it can move forward with a sale of its assets to Coal America at the sale hearing scheduled for Friday, March 12, 2010.

2. It is critical that the Debtor conclude a sale of its assets on an expedited basis because of its current cash position and the impending bankruptcy code mandated expiration of critical real property leases. Thus, if the Debtor is unable to move forward with the Coal

America bid at the March 12 sale hearing, the Debtor by this Supplement requests authority to accept and proceed to close on a sale of its assets to the next highest bidder.

3. The Debtor continues to be in discussions with parties who advise they are both interested in making a bid for the Debtor's assets, financially capable of performing on the bid and closing the sale on an expedited basis.

4. At this time, the Debtor has received a bid of $6,950,000 from Lion Heart Coal of St. Louis Missouri. The Lion Heart bid is subject to documentation in an Asset Purchase Agreement, which is anticipated to be substantially similar to the form attached hereto as exhibit "A". The Lion Heart bid is subject to additional due diligence, which the bidder advises can be completed in the next several weeks.

5. The Debtor also has received an alternative bid from George Colliers, Inc. ("GCI"). The GCI bid is described in its proposed Asset Purchase Agreement, which is attached as Exhibit "B." GCI is affiliated with Pickax, the current contract operator of the mine, and its principal Craig Jackson. To avoid conflicts, the GCI bid has been developed and negotiated through representatives of GCI and its financial partner separate from Mr. Jackson. The GCI bid is in the face amount of $6.8 million and has other provisions that might augment the final sales price by an additional $250,000.

6. Both the Lion Heart bid and GCI bid are estimated by the Debtor to be sufficient to allow payment of the cure amounts for the leases and contracts being assumed, to pay in full the allowed secured claims and administrative claims, and to substantially pay (and perhaps pay in full) the priority claims. However, neither is likely to result in any distribution to unsecured creditors.

7. The Debtor requests that it be allowed to proceed with either the Lion Heart bid or the GCI bid, after evaluating the benefits to the estate and timetable for closing (or any higher proposal received and vetted by the Debtor prior to the sale hearing), if Coal America has not made the required deposits or is otherwise incapable, in the Debtor's judgment, to proceed with its bid in a manner that satisfies the requirements of the Bankruptcy Code. At or prior to the sale hearing, the Debtor will advise of the bid it believes should be considered the highest and best bid and will sign the Asset Purchase Agreement after the court has approved a winning bid.

8. Given the extended time and efforts to date undertaken by the Debtor to market the mine and assuming that Coal America is unable to timely perform on its pending bid and other higher and better bids are not available to the Debtor at the time of the March 12 sale hearing, the Debtor believes that the sale of all or substantially all of its Assets to the highest and best alternative bidder (the "Sale") proposed herein is in the best interests of the estate and hereby seeks an order approving the Sale pursuant to 11 U.S.C. §§ 105(a) and 363(b), (f), and (m).

## II.

9. The legal and statutory basis for the approval of the alternative bid requested in this Supplement, together with a recitation of relevant background facts, is found in the Debtor's *Motion to Approve the Sale of Assets Free and Clear of All Liens, Claims and Encumbrances*, [Docket #268] to which the instant pleading is a supplement. The Debtor incorporates by references these provisions of the underlying Motion.

WHEREFORE, the Debtor respectfully requests that under the contingencies described herein the Court approve the either the Lion Heart bid or the GCI bid or such other higher and

better bid available to the Debtor as of the March 12 sale hearing, and provide such other and further relief to which the Debtor is justly entitled.

Dated: March 2, 2010

Respectfully submitted,

/s/ George H. Tarpley
George H. Tarpley (admitted pro hac vice)
M. Jermaine Watson, TX Bar 24063055
**COX SMITH MATTHEWS INCORPORATED**
1201 Elm Street, Suite 3300
Dallas, Texas 75270
Telephone: (214) 698-7800
Facsimile: (214) 698-7899

-and-

/s/ Mark W. Hodge
Charles R. Nestrud, AR Bar 77095
Mark W. Hodge, AR Bar 97205
**CHISENHALL, NESTRUD & JULIAN, P.A.**
400 West Capitol Avenue
2840 Regions Center
Little Rock, Arkansas 72201
Telephone: (501) 372-5800
Facsimile: (501) 372-4941

**COUNSEL TO DEBTOR HEIDTMAN MINING, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 2, 2010, a true and correct copy of the *Supplemental Motion to Approve the Sale of Assets Free and Clear of All Liens, Claims and Encumbrances* was served electronically via the Court's PACER system and by United States First Class Mail, postage prepaid, on counsel for GCI and the parties listed on the attached service list.

*/s/ George H. Tarpley*
George H. Tarpley