IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 09-72912 |
| **HEIDTMAN MINING, LLC,** ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**ORDER APPROVING THE SALE OF ASSETS FREE
AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

The matter having come before the Court on the *Motion to Approve the Sale of Assets Free and Clear of All Liens, Claims and Encumbrances* [Docket No. 268] and the *Supplement* thereto [Docket #327](collectively, the "Sale Motion") filed by Heidtman Mining, LLC (the "Debtor"). The Court finds that it has jurisdiction over this Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Court finds that the Sale Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). The Court finds that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, creditors, and parties-in-interest. The Court finds that proper and adequate notice of the Sale Motion has been given and that no other or further notice is necessary. The Court finds based upon the evidence presented by counsel at the continued sale hearing, and after due deliberation, that sufficient cause exists to support the relief requested in the Sale Motion. Accordingly,

**IT IS HEREBY ORDERED THAT:**

1. The Sale Motion is **GRANTED** as provided for herein.

2. The sale of the mine assets ("Assets") as described in the Sale Motion to Georges Colliers, Inc. ( "GCI" or "Purchaser") is hereby approved pursuant to 11 U.S.C. §§ 105(a) and 363(b), (f), and (m) and Bankruptcy Rules 2002(a)(2), 6004, and 9014, on substantially the terms

described in the Asset Purchase Agreement ("APA"), attached hereto as Exhibit "A", as it may be subsequently amended by agreement of the Debtor and Purchaser.

3. The Debtor and Purchaser are hereby authorized to take all necessary actions to consummate the transactions contemplated under the APA.

4. All objections to the Sale Motion that have not been withdrawn or resolved pursuant to the terms of this order are hereby overruled or denied.

5. Notwithstanding the foregoing approved sale to GCI, Coal America Corporation ("Coal America") shall have a 30 day period beginning with the entry of this order within which to acquire the Assets substantially per the terms of its Asset Purchase Agreement admitted into evidence at the hearing on the Sale Motion provided that Coal America is ready and able to close and fund the acquisition of the Assets and does in fact close and fund the Assets within such 30 day period, in which case it shall become the Purchaser as defined herein and the Coal America Asset Purchase Agreement shall become the APA as defined herein. During such 30 day period, GCI shall not close on its approved purchase of the Assets unless Coal America advises in writing that it is no longer interested in pursuing the acquisition of the Assets on the terms provided herein, or the Debtor obtains an Order from the Court to terminate this condition of the Order. If Coal America becomes the Purchaser, GCI shall be paid from the closing proceeds the sum of $250,000 as a breakup fee without further court order.

6. After the sale closes and funds (the "Closing"), the Debtor shall file *a Notice of Sale* identifying the purchaser and the terms on which the sale closed. If the sale is to Coal America, a copy of its asset purchase agreement shall be filed with the court.

7. Pursuant to section 363(f) of the Bankruptcy Code, and except as to the assumed liabilities expressly described in the APA or otherwise provided in this order, the Assets shall be

conveyed at Closing to the Purchaser free and clear of all liens, claims, encumbrances, and interests, whether known or unknown, including, without limitation, any of the Debtor's creditors, vendors, suppliers, employees, executory-contract counterparties, lessors or any other party.  Except for the assumed liabilities in the APA or as provided in this order, all valid and unavoidable liens, claims, encumbrances and interests in or to the Assets shall transfer and attach to the sale proceeds with the same validity, priority, force, effect and/or extent that such liens, claims, encumbrances and interests had on any of the Assets prior to the Closing. Following Closing, Purchaser shall have no liability for any claims that any of the foregoing parties or any other third parties may have against the Debtor, except as to the assumed liabilities described in the APA or as otherwise provided in this order.  The Debtor reserves the right to challenge the validity, priority and extent of such liens or claims asserted in or to the sale proceeds, and nothing in this order shall limit any basis for an objection by the Debtor to such liens or claims.

8. Except as otherwise provided in this Order, any party asserting a claim or interest in the Assets as to which the Assets are hereby sold free and clear of such claim or interest, shall promptly at or following Closing take steps to release said claim or interest.  Disputes as to the validity, priority or amount of any claim by any party to the sale proceeds shall be heard and resolved by the Court pursuant to the claim objection process provided for in the Bankruptcy Code.

9. Following Closing and without further order of the Court, the Debtor is authorized to pay any commissions due as a result of the sale per prior court orders and pay the cure amounts approved in connection with the assumption and assignment of leases and contracts. Distributions of other portions of the sale proceeds may be made upon motion by the Debtor and order to any party as to which the Debtor does not dispute the validity, priority or

amount of the secured claim or lien, or pursuant to the terms of prior orders of this Court. In connection with the secured claim of GE Capital Corporation, the Debtor shall hold and not distribute the amount of $3,600,000, pending resolution of the validity, priority and amount of the allowed secured claim of GE Capital.

10. The Debtor is hereby authorized to file, register, or otherwise record this order with any and all local and state taxing and governmental authorities or other such regulatory authorities as may become necessary. This order shall constitute due and sufficient evidence that, upon the closing and funding of the sale, all liens, claims, and encumbrances against the Assets that existed prior to and through the Closing (except as to the assumed liabilities described in the APA or as otherwise provided in this order) have been unconditionally released, discharged, and terminated, and have instead attached to the sale proceeds.

11. Purchaser is hereby entitled to all of the protections provided to good-faith purchasers of the mine assets under section 363(m) of the Bankruptcy Code.

12. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, effective at Closing, all "persons" (as defined in section 101(41) of the Bankruptcy Code, "<u>Person</u>") are hereby enjoined from taking any action against Purchaser to recover or enforce any lien, claim, interest, or encumbrance that such Person has against the assets sold pursuant to the APA except to the extent such liabilities are assumed by the Purchaser under the APA or to the extent any such liens, claims, interests, or encumbrances are preserved and retained pursuant to this order.

13. The Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the APA and this order in all respects, and further to hear and determine any dispute between the Debtor and Purchaser, as the case may be, including, without limitation, compelling actual payment by Purchaser to the Debtor of the consideration pursuant to and in

accordance with the APA and the order, compliance by Purchaser (including their officers employees, and agents) with the terms of this order and the APA, delivery of the Assets to Purchaser, protection of Purchaser against any liens, claims, interests, obligations, and encumbrances against the Debtor or the Assets. However, if the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction regarding the APA, such abstention, refusal, or lack of jurisdiction shall have no effect on, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with any such matter nor will such abstention, refusal, or lack of jurisdiction in any way limit the Court's jurisdiction on enforcement of other matters under this order.

14. This order shall inure to the benefit of Purchaser, the Debtor, and their respective successors and assigns, including, without limitation, any chapter 11 or chapter 7 trustee that may be appointed in this case. This order shall remain in full force and effect notwithstanding any dismissal of the Debtor's bankruptcy case.

15. The terms of this order shall prevail over any conflicts with the APA. Nothing herein or in the APA shall modify any of the terms of the leases and contracts assumed and assigned pursuant to the APA or modify, increase or decrease the rights or obligations of the parties thereto.

16. The Assets are conveyed subject to that certain Special Warranty Deed and Assignment (Coal Leasehold Rights Only) dated June 22, 2006 and recorded in the Office of the County Clerk and Recorder of Sebastian County Arkansas on July 28, 2006 as Instrument #7195127, and that certain Coal Security Agreement dated October 31, 2005 between the Debtor and ASARCO LLC, a Delaware limited liability company, as recorded under that certain Notice of Interest in Coal Rights, dated March 23, 2009 and filed of record with the County Clerk and

Ex-Officio Recorder of the Greenwood District of Sebastian County, Arkansas on March 26, 2009 as Document No. 7264026. Any prepetition defaults in such documents shall be cured at or prior to Closing, and the Assets shall be conveyed free and clear of any pre-Closing defaults. Nothing in this order shall modify, expand, create or limit the rights of the parties in such documents, including the rights of the Purchaser as successor to the Debtor.

17. The Debtor is authorized to serve this order without any of the exhibits referenced herein. Any interested party may obtain copies of any exhibits to this order either from the Court's website, https://ecf.arwb.uscourts.gov/cgi-bin/login.pl, by written request emailed to George H. Tarpley at *gtarpley@coxsmith.com*, or by regular mail to Attn: George H. Tarpley, Cox Smith Matthews Incorporated, 1201 Elm Street, Suite 3300, Dallas, Texas 75270.

*/s/ Ben Barry*
UNITED STATES BANKRUPTCY JUDGE

Dated: March 22, 2010

2917609.1

EOD 3/23/2010
by A Smith